UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN A. PALERMO, | 1: 05 CV 1010 LJO WMW HC |
| Petitioner, | |
| | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 14] |
| JEANNE WOODFORD, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner is challenging a disciplinary action, the hearing for which occurred on August 19, 2002.  Petitioner's administrative appeal was denied at the Director's Level on December 23, 2002.  On April 30, 2003, 128 days after his administrative appeal was denied, Petitioner filed a petition for writ of habeas corpus in superior court.  The petition was denied on June 2, 2003.  Petitioner filed a petition for writ of habeas corpus in the California Court Appeal, which was denied on August 29,

2003. Petitioner subsequent petition to the California Supreme Court was summarily denied on August 18, 2004. That decision was final when it was issued. Cal.R.Ct. 8.532(b)(2)(C). The present petition was filed on August 5, 2005.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the violations alleged arises out of the California Medical Facility at Vacaville, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Petitioner is challenging a 2002 disciplinary action taken against him. Respondent contends that the petition must be dismissed because it was filed beyond the one-year limitations period set forth in the AEDPA. Petitioner opposes the motion.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  In the present case, Petitioner's administrative appeal was denied on December 23, 2002, and the limitations period ran from then until he filed his superior court petition on April 20, 2003, 128 days later. The limitations period was tolled while he pursued his state court remedies until August 18, 2004, when the California Supreme Court denied his petition. The statute of limitations then began running again. However, Petitioner waited 352 days, until August 5, 2005, before filing the present federal petition for writ of habeas corpus. Thus, a total of 480 days elapsed before the present petition was filed and, as Respondent argues, it is untimely under the statute of limitations set forth above.

  In response to the motion to dismiss, Petitioner argues that he is entitled to the mailbox rule in regard to date of filing of both his superior court petition and the present federal petition. See Houston v. Lack , 4878 U.S. 266 (1988). The court agrees, but finds that the total difference of 7 days does not bring the filing of the present petition for writ of habeas corpus within the one-year statute of limitations. Petitioner contends further that he is entitled to equitable tolling of the statute because he was ignorant of the law, unaware of the relevant statute of limitations, and dependent on his fellow inmates for legal assistance. Petitioner's claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) *(ignorance of*

1 law not does not excuse prompt filing).  Further, a lack of legal assistance is generally insufficient to
2 justify tolling the statute of limitations.  See, Hughes v. Idaho Board of Corrections, 800 F.2d 905,
3 909 (9th Cir. 1986).  Petitioner is only entitled to a reasonably adequate opportunity to present his
4 claims to the courts, see, Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996), not to the
5 assistance of someone trained in the law.  Id. at 356, 360.  Finally, Petitioner contends that there
6 was no notice in any of the law libraries in the prisons where he was housed to alert any inmate to
7 the existence of a statute of limitations governing the filing of federal habeas petitions.  Petitioner,
8 however, is not entitled to "notice" from any prison law library of the existence of any particular
9 statute of limitations.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (lack of relevant
10 statutes and case law or procedure to request specific materials did not excuse untimely filing).  The
11 court finds, therefore, that Petitioner has failed to demonstrate entitlement to equitable tolling.

12    In light of the above, the court concludes that Petitioner is not entitled to either statutory or
13 equitable tolling and that this petition for writ of habeas corpus is therefore barred by the statute of
14 limitations found in 28 U.S.C. Section 2244(d)(1).  Accordingly, the court must recommend that the
15 petition be dismissed as untimely.

16    Based on the foregoing, IT IS HEREBY RECOMMENDED that:
17 1) Respondent's motion to dismiss be GRANTED:
18 2) this petition for writ of habeas corpus be dismissed as barred by the statute of limitations;
19 3) Respondent's request be GRANTED and the named Respondent in this action be amended to
20   Warden Schwartz;
21 4) the Clerk of the Court be directed to enter judgment for Respondent and to close this case.
22
23    These Findings and Recommendation are submitted to the assigned United States District
24 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
25 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
26 thirty (30) days after being served with a copy, any party may file written objections with the court
27 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
28 Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 9, 2008**                     /s/  **William M. Wunderlich**
                                                                        UNITED STATES MAGISTRATE JUDGE